**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-02052-NYW

DIXON RODOLFO BRIONES-GARMENDIA,

      Petitioner,

v.

JUAN BALTAZAR,

      Respondent.

---

### MEMORANDUM OPINION AND ORDER

---

Before the Court is the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed pro se by Petitioner Dixon Rodolfo Briones-Garmendia on June 29, 2026.  [Doc. 7].  Respondent filed a Response.  [Doc. 13].  After reviewing the pertinent portions of the record in this case and the applicable law, the Petition is **GRANTED in part**.

### LEGAL STANDARDS

### I.    Habeas Corpus

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Challenges to immigration detention are properly brought directly through

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

## II.    Pro Se Filings

Because Petitioner proceeds pro se, the Court affords his filings a liberal construction.   *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).   Liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the [litigant] could prevail, it should do so despite the [litigant]'s failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   That said, the Court may not "assume the role of advocate for the pro se litigant."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110).   The Court plays a neutral role in the litigation process and cannot assume the role of an advocate for the pro se party.   *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

## ANALYSIS

Petitioner is confined at an immigration detention facility in Aurora, Colorado. [Doc. 7 at 1].   He alleges he was convicted of a criminal offense in June 2024 and served approximately 90 days in jail before being detained by Immigration and Customs Enforcement ("ICE") on or about December 10, 2025.   [*Id.* at 5].   Petitioner further alleges the immigration judge "issued a decision" in his case on or about April 5, 2026, and that his appeal from that decision to the Board of Immigration Appeals remains pending.   [*Id.*].

Petitioner argues that his detention is unlawful and asserts several claims.   *See generally* [*id.*].   He argues, inter alia, that "DHS has not carried its burden to prove that

[he] is properly included in mandatory detention under 8 U.S.C. § 1226(c)." [*Id.* at 5]. He asserts that "unless DHS proves mandatory detention," he is entitled to "an individualized bond hearing under 8 U.S.C. § 1226(a). [*Id.*].[1]

Respondent concedes that Petitioner is in removal proceedings and is being detained by ICE, but Respondent does not address the merits of Petitioner's claims. [Doc. 13 at 1 ("For purposes of this specific case, Respondent is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case.")]. Nor does Respondent identify the statutory provision under which Petitioner is detained. *See generally* [*id.*].

Had Respondent taken the position that Petitioner's detention is governed by § 1226(c) and raised meaningful arguments in support, the Court would have proceeded to analyze whether Petitioner's conviction for "non-fatal stabbing" mandates his detention under § 1226(c). Indeed, Petitioner's reference to § 1226(a) in his Petition does not automatically render his detention governed by § 1226(a) or entitle him to a bond hearing. But because Respondent does not raise any argument concerning the legality of Petitioner's detention, and the Court declines to make arguments on behalf of a Party, *see McKissick v. Yuen*, 618 F.3d 1177, 1189–90 (10th Cir. 2010), the Court concludes

---

[1] As the Court has explained in previous orders, Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)). Section 1226(a) establishes a discretionary framework for the detention of noncitizens pending removal proceedings and permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2). Section 1226(c), on the other hand, creates a "special rule" for individuals "who have committed certain dangerous crimes and those who have connections to terrorism," *mandating* that such individuals "must be detained without a bond hearing until the question of their removal is resolved." *Nielsen v. Preap*, 586 U.S. 392, 396 (2019).

that any argument that Petitioner is detained under § 1226(c)'s mandatory detention scheme has been waived, *see Ramos v. Dedos*, No. 1:26-cv-00264-KWR-JHR, 2026 WL 555338, at *2 (D.N.M. Feb. 27, 2026) (by not arguing that the petitioner was detained pursuant to a specific statutory provision, the government waived any argument that he was detained under that provision).

Based on the current record presented to the Court, this Court can only assume that Petitioner is detained under § 1226(a). *See Kumar v. Lyons*, No. 26-cv-00913-NYW-KAS, 2026 WL 1282807, at *4 (D. Colo. May 11, 2026) (this Court assuming that the "default rule" in § 1226(a) applies where the respondents did not make any argument that the petitioner's state charges mandated his detention under § 1226(c)).    And because Respondent has not provided Petitioner the bond hearing that the statute requires, the Court concludes that his detention is unlawful and in violation of the statute.

Accordingly, the Petition is **GRANTED in part**.    On or before **August 5, 2026**, Respondent shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a).    At the hearing, the Government shall bear the burden of justifying Petitioner's detention by clear and convincing evidence.    *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2025); s*ee also, e.g.*, *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)).    If Respondent does not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.    On or before **August 12, 2026**, Respondent shall file a status report concerning (1) the results of any bond hearing that was conducted or,

4

if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)   The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 7] is **GRANTED in part**;

(2)   Respondent shall provide Petitioner a bond hearing no later than **August 5, 2026**.  At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.  If Respondent does not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention;

(3)   Respondent shall file a status report no later than **August 12, 2026** concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and

(4)   The Clerk of Court shall mail a copy of this Order to:

Dixon Rodolfo Briones-Garmendia, #A240-043-207
ICE Aurora Contract Detention Facility
3130 North Oakland Street
Aurora, CO 80010

DATED:  July 29, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

5